UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSE ALBERTO PEREZ-CORTEZ,<br><br>　　　　　　　　　Petitioner,<br><br>　v.<br><br>ALEJANDRO MAYORKAS, *et al.*,<br><br>　　　　　　　　　Respondents. | Case No. 2:21-cv-00982-CDS-DJA<br><br>ORDER |

In his 28 U.S.C. § 2241 petition for writ of habeas corpus, Jose Alberto Perez-Cortez seeks immediate release from custody or a detention/bond hearing pending the execution of his final order of removal (ECF No. 1). Respondents have answered the petition, and Perez-Cortez replied (ECF Nos. 10, 11). The court agrees with respondents that Perez-Cortez is lawfully detained and fails to demonstrate a constitutional violation, thus, the petition is denied.

I.　　Background

Perez-Cortez is a native and citizen of Mexico (ECF No. 1, p. 5). He entered the United States without inspection or permission. He became a Lawful Permanent Resident on September 20, 2005. In January 2015, Perez-Cortez pleaded guilty to possession of controlled substance, marijuana over one ounce. *Id*. at 7-10. *See also* Declaration of Kerriann Quihuis ("Quihuis Decl.") attached as exhibit A to respondents' answer, ECF No. 10. Perez-Cortez was placed on probation not to exceed four years. In December 2017, while on probation, he was charged with robbery with a deadly weapon and burglary while in possession of a deadly weapon after he took two cases of beer from a 7-Eleven convenience store without paying. He pleaded guilty to burglary and was sentenced to a term of 12 to 48 months in prison. His probation was revoked in the earlier case and that sentence was modified to a term of 12 to 48 months; the sentences to be served concurrently.

Perez-Cortez was released from the custody of the Nevada Department of Corrections into the custody of Immigration and Customs Enforcement (ICE) on December 30, 2019 (ECF No. 1, pp. 10-12; Quihuis Decl.). A notice to appear was issued, which commenced removal proceedings. The Department of Homeland Security (DHS) charged Perez-Cortez with removability under 8 U.S.C. § 1227(a)(2)(B), as a noncitizen who, at any time after admission, was convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined by 21 U.S.C. § 802), other than a single offense involving possession of less than thirty grams of marijuana for one's own use. Perez-Cortez applied for cancellation of removal for certain permanent residents, asylum, withholding of removal, and relief under the Convention Against Torture. The Immigration Judge (IJ) denied his applications and ordered him removed to Mexico. Perez-Cortez appealed. The Board of Immigration Appeals (BIA) affirmed the IJ's decision on March 12, 2021; the order of removal became final and executable on that date. 8 U.S.C. § 1101(a)(47)(B). On April 5, 2021, Perez-Cortez filed a pro se petition for review with the Ninth Circuit Court of Appeals, which is currently pending. *See Perez-Cortez v. Garland*, No. 21-70806, exhibit B to respondents' answer, ECF No. 10. Perez-Cortez filed two motions for stay of removal; the Ninth Circuit entered automatic stays of removal on June 7, and June 11, 2021. ICE had arranged to remove Perez-Cortez to Mexico on a chartered flight but canceled the plans when the stay was entered. Quihuis Decl. ¶ 17.

## II. Legal Framework

Federal courts have jurisdiction to hear writs of habeas corpus when a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). That jurisdiction extends to noncitizens in immigration detention. *See Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). The statutory authority to detain a noncitizen varies depending on the underlying charge of removability and whether he is subject to a final order of removal. *Prieto-Romero v. Clark*, 534 F.3d 1053, 1062 (9th Cir. 2008). 8 U.S.C. § 1226(c) governs the detention and removal of noncitizens who are removable because of a conviction for a serious criminal offense, including crimes of moral turpitude, aggravated

felonies, controlled substance offenses, certain firearm offenses, espionage and sabotage crimes, or terrorist activities. Section 1226(c) mandates that the Attorney General "shall take into custody any alien who" has committed an enumerated crime or act of terrorism "without regard to whether the alien is released on parole, supervised release, or probation . . . ." The Supreme Court has explained that detention of a noncitizen pursuant to § 1226(c) "must continue 'pending a decision on whether [he] is to be removed from the United States.'" *Jennings v. Rodriguez*, 138 S.Ct. 830, 846 (2018) (quoting 8 U.S.C. § 1226(a)). The only statutory exception to detention under section 1226(c) is if the Attorney General decides that release is "necessary for witness-protection purposes and that the alien will not pose a danger or a flight risk." *Id*.

A noncitizen detained under section 1226(c) is permitted to challenge the basis for his detention before an IJ in a "*Joseph* hearing." 8 C.F.R. § 1003.19(h)(2)(ii); *Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999). At a *Joseph* hearing, a noncitizen "may avoid mandatory detention by demonstrating that he is not an alien, was not convicted of [a] predicate crime, or that the government is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." *Jennings*, 138 S.Ct. at 838 n.1 (quoting *Demore*, 538 U.S. at 514 n.3). In cases such as Perez-Cortez's involving the removal of noncitizens who were admitted into the United States, DHS bears the burden of establishing removability "by clear and convincing evidence[.]" 8 U.S.C. § 1229a(c)(3)(A).

Once a decision has been made to remove a noncitizen from the United States, a separate statutory provision specifies that noncitizens must be detained during their "removal period." 8 U.S.C. § 1231(a)(2). *See Prieto-Romero*, 534 F.3d at 1059. Once the ninety-day removal period ends, the Attorney General still retains authority to detain noncitizens with administratively final orders of removal but may release a noncitizen under conditions of supervision. 8 U.S.C. § 1231(a)(3), (a)(6); *see Zadvydas*, 533 U.S. at 688-689. The Ninth Circuit has held that the authority to detain a noncitizen under 8 U.S.C. § 1231(a)(2) does not begin "if an alien files a timely petition for review and requests a stay" until the court of appeals: "(1) denies the motion for a stay or (2) grants the motion and finally denies the petition for review." *Prieto-Romero*, 534 F.3d at 1059 n.5; *see* 8 U.S.C. 1231(a)(1)(B) (establishing when the "removal period" commences).

Thus, if a noncitizen files a motion for a stay of removal during the pendency of his petition for review, then he remains subject to the detention authority under 8 U.S.C. § 1226.

Prior to *Jennings v. Rodriguez*, the Ninth Circuit held that authorization for detention under 8 U.S.C. § 1226(c), INA § 236(c) ends when the BIA affirms the removal order. *Casas-Castrillon v. DHS*, 535 F.3d 942 (9th Cir. 2008). "Thereafter, the Attorney General's detention authority rests with [the general discretionary authority to detain under § 1226(a), INA § 236(a)] until the alien enters his 'removal period,' which occurs only after we have rejected his final petition for review or his time to seek such review expires." *Id.* at 948. The Ninth Circuit further concluded that "the government may not detain a legal permanent resident . . . for a prolonged period without providing him a neutral forum in which to contest the necessity of his continued detention." *Id.* at 949 (establishing so-called *Casas* hearings). In a *Casas* hearing, DHS bears the burden of establishing by clear and convincing evidence that the noncitizen is a flight risk or a danger to the community. *See Singh v. Holder*, 638 F.3d 1196, 1200 (9th Cir. 2011). The Supreme Court's decision in *Jennings* abrogated *Casas-Castrillon*'s interpretation of § 1226(c). The *Jennings* Court emphasized that § 1226(c) "expressly and unequivocally imposes an affirmative prohibition on releasing detained aliens under any other conditions[,]" except for those specified by 8 U.S.C. § 1226(c)(2) (witness-protection purposes). 138 S.Ct. at 847, 848 ("[Section 1226(c) does not on its face limit the length of detention is authorizes.").

### III.    Perez-Cortez's Detention is Mandatory Pursuant to § 1226(c)

Perez-Cortez has been held in immigration detention for over two years. He argues that Fifth Amendment due process requires that the government establish, at an individualized hearing before a neutral decisionmaker, by clear and convincing evidence of flight risk or danger, that his continued detention is justified (ECF No. 1, p. 23).

In *Jennings*, the Supreme Court sharply criticized the Ninth Circuit Court of Appeals' conclusion that §§ 1225(b) and 1226(c) impose an implicit six-month limit on a noncitizen's detention under these sections. 138 S.Ct. at 839. The court of appeals had held that after that point the government may continue to detain the alien only under the authority of 1226(a). The court of appeals then construed 1226(a) to mean that a noncitizen must be given a bond hearing

every six months and that detention beyond the initial six-month period is permitted only if the government proves by clear and convincing evidence that further detention is justified. Reversing the Ninth Circuit, the *Jennings* Court explained that spotting a potential constitutional issue does not give a court authority to rewrite a statute as it pleases. *Id.* at 843. The Court emphasized the "clear[]" language of § 1226(c) mandating detention for aliens falling within its scope and authorizing release only for witness-protection purposes. *Id.* at 846. The Court declined to find the statute unconstitutional. *Id.* at 846, 847, 851; *see also id.* at 846 ("§ 1226(c) reinforces the conclusion that aliens detained under its authority are not entitled to be released under any circumstances other than those expressly recognized by the statute."). *See also Demore*, 538 U.S. 510 (also concluding that § 1226(c) was not unconstitutional).

      Perez-Cortez, like the noncitizen in *Demore*, "argued that his detention under § 1226(c) violated due process because the [government] had made no determination that he posed either a danger to society or a flight risk." *Demore*, 538 U.S. at 514. The Court has upheld detention pending removal proceedings on the basis of a categorical, rather than individualized, assessment that a valid immigration purpose warranted interim custody. *Id.* at 523-526 (discussing *Carlson v. Landon*, 342 U.S. 524 (1952) and *Reno v. Flores*, 507 U.S. 292 (1993). "In the exercise of its broad power over naturalization and immigration, Congress regularly makes rules that would be unacceptable if applied to citizens." *Id.* at 521 (citations omitted). The Court has repeatedly observed that "when the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal." *See, e.g., id.* at 528.

      Here, while Perez-Cortez argues that he poses no danger to the community and is not a flight risk, he does not contest that he has been convicted of a predicate crime for § 1226(c) classification. *See Jennings*, 138 S.Ct. at 838 n.1 (discussing *Joseph* hearing, *Matter of Joseph*, 22 I. & N. Dec. 799). Perez-Cortez urges that he is being detained indefinitely, with no prospect of removal in the reasonably foreseeable future, in violation of due process. The court disagrees. The Supreme Court has held that a noncitizen cannot be detained indefinitely in a removable-but-not-removable status; the most common situation occurs when no country can be found to

accept the noncitizen. *Zadvydas*, 533 U.S. 678. That is not the case here. Perez-Cortez is currently detained not because Mexico will not take him back, but because he still is litigating the order of removal from the United States. Perez-Cortez does not allege that Mexico will not accept him. In fact, ICE had arranged a flight to Mexico to execute the final removal order, which it canceled when Perez-Cortez was granted a stay of removal. The Ninth Circuit will issue a decision on his pending petition for review. Nothing would prevent Perez-Cortez's removal to Mexico if ultimately he is unsuccessful in his petition for review. *See Prieto-Romero*, 534 F.3d at 1062-65. *Jennings* expressly states that Perez-Cortez's detention under 1226(c) is mandatory, and he is not being detained indefinitely. His petition is without merit and, therefore, is denied.

As a federal detainee proceeding under 28 U.S.C. § 2241, Perez-Cortez is not required to obtain a certificate of appealability from the denial of this petition. *See Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008).

### IV.    Conclusion

It is therefore ordered that the petition (ECF No. 1) is denied as set forth in this order.

It is further ordered that the Clerk enter judgment accordingly and close this case.

DATED this 4th day of May, 2022.

_____
UNITED STATES DISTRICT JUDGE